UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

**FILED**

OCT 2 2 2009

MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

CLAUDIA LANIER, Plaintiff
4517 Tolbut Street
Philadelphia, PA 19136
215-305-1885

§
§
§
§
§
§
§
§
§
§

v.

Civil Action No. 2:09-CV-04566-WY

WACHOVIA BANK, Defendant
123 S. Broad Street
Philadelphia, PA 19109

## MOTION TO REMAND

Plaintiff Claudia Lanier (hereinafter, to be referred to as Plaintiff, Lanier, or Plaintiff Lanier) seeks a motion to deny Defendant Wachovia Bank (hereinafter referred to as Wachovia, Wachovia Bank, or Defendant and includes Wells Fargo Bank) asks that this court deny Defendant's motion to remove this case to the United States District Court based on the following:

1.      Defendant Wachovia was properly served on September 28, 2009, with a civil action by filing a Complaint in the Court of Common Pleas of Philadelphia, entitled Lanier v Wachovia Bank, and case I.D. No. 090804306.

2,      Notice is being filed within 20 days that Plaintiff received a copy of the Notice of Removal.

3.      Defendant Wachovia conveniently forgot to include in it's papers to this court Plaintiff's motion to Cease Desist and Payback (see exhibit A).

4.      This court lacks jurisdiction based on a Federal question. Plaintiff's case filed is a fraud case. Plaintiff is accusing Defendant of Fraud and Theft as well as Invasion of Privacy and Loss of Enjoyment of Life's Pleasures amongst other things listed in Plaintiff's complaint. There are no Federal questions at issue. Plaintiff uses established laws stated in National Constitution and Pennsylvania Constitution to back up Plaintiff's defense of her rights. The issues raised have already been settled in some cases more than fifty (50) years ago, so there is no federal question. This court has no jurisdiction based on subject matter.

5.      This court lacks jurisdiction based on diversity of citizenship. According to 28 USC § 1332 (a)(1) the district courts have original jurisdiction over civil actions between citizens of different States. However, USC §1332 (11)(e) states:

(e) The word "States", as used in this section includes the Territories, the District of Columbia, and the Commonwealth of Puerto Rico.

Also please take note of:

"[W]here Congress includes particular language in one section of a statue but omits it in another…, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion.'"

Russello v United States 464 US 16, 23, 78 L. Ed. 2d 17, 104 S. Ct. 296 (1983) (Quoting United States v Wong Kim Bo, 472 F. 2d 720, 722 (CA 1972))

This section makes no distinction of what territories it is speaking of, it could be territories of China or Australia, because it does not say American or US territories, it clearly does not mean American or US Territories. The only other two (2) states that are defined are the District of

Columbia and the Commonwealth of Puerto Rico. The word state is therefore limited to either the District of Columbia or the Commonwealth of Puerto Rico. Neither myself nor Wachovia claim to be a citizen of the District of Columbia or the Commonwealth of Puerto Rico so based on 28 USC §1332 (a)(1) we are <u>not</u> citizens of different States, therefore diversity of citizenship does not apply and this court does not have jurisdiction.

Please also see 28 USC § 1367 (4)(e) where it states:

> (e) As used in this section, the term "State" includes the District of Columbia, the Commonwealth of Puerto Rico, and any territory or possession of the United States.

If 28 USC § 1332 (11)(e) does not say that "States" includes any territory or possession of the United States then the term "the Territories" clearly does not mean territories of the United States or it would have said so. If the district court does not have original jurisdiction, it clearly does not have supplemental jurisdiction.

6.    The court's removal jurisdiction must be strictly construed. <u>Burns v. Windsor Insurance Company</u>, 31 F.3d 1092, 1095 (11th Cir. 1994). "[W]here a plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." <u>Burns v. Windsor Insurance Company</u>, 31 F.3d 1092, 1095 (11th Cir. 1994), citing <u>Boyer v. Snap On Tools Corp.</u>, 913 F.2d 108 (3rd Cir. 1990); <u>Coker v. Amoco Oil Company</u>, 709 F.2d 1433 (11th Cir. 1983).

7.    Plaintiff does not feel that she would be given a fair trial in district Federal court. This issue started when Wachovia was sent a letter by the IRS, who is an agency of the <u>Federal</u> Government. For this issue to be presided over by a <u>Federal</u> Judge, another entity of the <u>Federal</u> government; and is therefore a conflict of interest. Plaintiff Lanier could not get a fair trail

because <u>Federal</u> Judges are notorious for shutting down, not allowing evidence, or otherwise sabotaging anyone who dares to discuss legality when it comes to the <u>Federal</u> Income Tax. A state court who is not involved is a fairer court to both parties. Plaintiff also feels that the reason why Wachovia did not want a jury trial is because it knows that Federal Judges refuse to honor their oath of office when it comes to this issue.

8.      If this case is not remanded (which it should be), Plaintiff Lanier demands a trial by Jury and demands that she be recognized as a pauper who can not pay any of the costs involved in this action because part of her earnings are being taken from her.

_Claudia Lanier_

Claudia Lanier, pro se
4517 Tolbut Street
Philadelphia, PA 19136
215-305-1885

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| CLAUDIA LANIER, Plaintiff, pro se<br>4517 Tolbut Street<br>Philadelphia, PA 19136<br>215-305-1885<br>v.<br><br><br><br>WACHOVIA BANK, Defendant<br>123 S. Broad Street<br>Philadelphia, PA 19109 | § § § § § § § § § § § | Civil Action No. 2:09-CV-04566-WY |

## MEMORANDUM IN SUPPORT OF
## MOTION TO REMAND

Plaintiff Claudia Lanier (hereinafter, to be referred to as Plaintiff, Lanier, or Plaintiff Lanier) seeks a motion to deny Defendant Wachovia Bank (hereinafter referred to as Wachovia, Wachovia Bank, or Defendant and includes Wells Fargo Bank) asks that this court to remand this case to the Court of Common Pleas, in which a Notice of Removal, was filed in United States District Court of Eastern District of Pennsylvania Civil Action No. 2:09-CV-04566-WY because of the following facts.

This court has jurisdiction over Plaintiff Lanier and Defendant Wachovia, both are citizens of Pennsylvania. According to Defendant's website (www.wachovia.com) Wachovia has over 100 locations in cities and townships in the State of Pennsylvania.

1.    42 Pa.C.S. § 5322 (2009) reads:

§ 5322. Bases of personal jurisdiction over persons outside this Commonwealth   (a) GENERAL RULE.-- A tribunal of this Commonwealth may exercise personal jurisdiction over a person (or the personal representative of a deceased individual who would be subject to jurisdiction under this subsection if not deceased) who acts directly or by an agent, as to a cause of action or other matter arising from such person:

(1) Transacting any business in this Commonwealth. Without excluding other acts which may constitute transacting business in this   Commonwealth, any of the following shall constitute transacting business for the purpose of this paragraph:

(2)(iii) The carrying on of a continuous and systematic part of its general business within this Commonwealth.

(3) Causing harm or tortious injury by an act or omission in this Commonwealth.

Defendant Wachovia transacts business within the Commonwealth of Pennsylvania and has caused tortuous injury to Plaintiff in the Commonwealth of Pennsylvania.

2.    Pursuant to the Pennsylvania Constitution section 1 Inherent Rights of Mankind, Plaintiff has the right to protect property and reputation.

3.    Pursuant to the Pennsylvania Constitution section 6, Plaintiff has a right to a trial by jury, in this matter there was no trial Defendant Wachovia simply took Plaintiff's property with no valid court order or Plaintiff's right to have a trial before property was taken.

4.    Pursuant to the Pennsylvania Constitution section 8, Plaintiff has the right to be secure in her houses, papers and possession from unreasonable searches and seizures. Plaintiff also has the right that no warrant be issued to seize her property without probable cause unsupported by oath or affirmation subscribed to by the affiant.

5.    Federal District court lacks jurisdiction based on a Federal question. Plaintiff's case filed is a fraud case. Plaintiff is accusing Defendant of Fraud and Theft as well as Invasion of Privacy and Loss of Enjoyment of Life's Pleasures amongst other things listed in Plaintiff's complaint. There are no Federal questions at issue. Plaintiff uses established laws stated in National Constitution and Pennsylvania Constitution to back up Plaintiff's defense of her rights.

The issues raised have already been settled in some cases more than fifty (50) years ago, so there is no federal question. Federal District court has no jurisdiction based on subject matter.

      6.    Federal District court lacks jurisdiction based on diversity of citizenship.

According to 28 USC § 1332 (a)(1) the district courts have original jurisdiction over civil actions between citizens of different States. However, USC §1332 (11)(e) states:

> (e) The word "States", as used in this section includes the Territories, the District of Columbia, and the Commonwealth of Puerto Rico.

Also please take note of:

> "[W]here Congress includes particular language in one section of a statue but omits it in another…, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion.'"

Russello v United States 464 US 16, 23, 78 L. Ed. 2d 17, 104 S. Ct. 296 (1983) (Quoting United States v Wong Kim Bo, 472 F. 2d 720, 722 (CA 1972))

This section makes no distinction of what territories it is speaking of, it could be territories of China or Australia, because it does not say American or US territories, it clearly does not mean American or US Territories. The only other two (2) states that are defined are the District of Columbia and the Commonwealth of Puerto Rico. The word state is therefore limited to either the District of Columbia or the Commonwealth of Puerto Rico. Neither myself nor Wachovia claim to be a citizen of the District of Columbia or the Commonwealth of Puerto Rico so based on 28 USC §1332 (a)(1) we are _not_ citizens of different States, therefore diversity of citizenship does not apply and this court does not have jurisdiction.

Please also see 28 USC § 1367 (4)(e) where it states:

(e) As used in this section, the term "State" includes the District of Columbia, the Commonwealth of Puerto Rico, and any territory or possession of the United States.

If 28 USC § 1332 (11)(e) does not say that "States" includes any territory or possession of the United States then the term "the Territories" clearly does not mean territories of the United States or it would have said so. If the district court does not have original jurisdiction, it clearly does not have supplemental jurisdiction.

7.    The court's removal jurisdiction must be strictly construed.  Burns v. Windsor Insurance Company, 31 F.3d 1092, 1095 (11th Cir. 1994).  "[W]here a plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand."  Burns v. Windsor Insurance Company, 31 F.3d 1092, 1095 (11th Cir. 1994), citing Boyer v. Snap On Tools Corp., 913 F.2d 108 (3rd Cir. 1990); Coker v. Amoco Oil Company, 709 F.2d 1433 (11th Cir. 1983).

Date: _October 22, 2009_

_Claudia Lanier_

Claudia Lanier
Pro Se
4517 Tolbut Street
Philadelphia, PA 19136
215-305-1885

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

CLAUDIA LANIER, Plaintiff                       §
4517 Tolbut Street                              §
Philadelphia, PA 19136                          §
215-305-1885                                    §
                                                §
                                                §
v.                                              §
                                Civil Action No. 2:09-CV-04566-WY
                                                §
WACHOVIA BANK, Defendant                        §
123 S. Broad Street                             §
Philadelphia, PA 19109                          §
                                                §

## ORDER

**AND NOW**, this _____ day of _____, it is ordered that the

case be remanded to the Court of Common Pleas of Philadelphia and all decisions

regarding this matter be settled in this court.

BY THE COURT:

_____
J.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

CLAUDIA LANIER, Plaintiff, pro se          §
4517 Tolbut Street                         §
Philadelphia, PA 19136                     §
215-305-1885                               § Civil Action No. 2:09-CV-04566-WY
v.                                         §
                                           §
                                           §
                                           §
                                           §
                                           §
WACHOVIA BANK, Defendant                   §
123 S. Broad Street
Philadelphia, PA 19109

**CERTIFICATE OF SERVICE**

Plaintiff Claudia Lanier certifies the following:

1.    I am a resident of the state of Pennsylvania and am the Plaintiff in this case.

2.    On this date I submitted for filing by hand delivery an original of motion to

Remand, a Memorandum of Law, a Proposed Order and Certificate of Service to.

United States District Court
Eastern District of Pennsylvania
Office of the Clerk of Court
601 Market Street, Room 2609
Philadelphia, Pennsylvania 19106

3.    A true and clear copy of these materials were also sent via Federal Express to

Defendant's Attorney:

Todd Alan Ewan
Fisher & Phillips LLP
201 King of Prussia Road

Radnor, PA 19107
Phone: (610) 230-2140
E-mail: tewan@laborlawyers.com


I affirm that all of the information stated is true and correct.

Dated: October 22, 2009


Claudia Lanier
4517 Tolbut Street
Philadelphia, PA 19136
215-305-1885