UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CLAUDIA LANIER,<br><br>       Plaintiff,<br><br>vs.<br><br>WACHOVIA BANK,<br><br>       Defendant. | Civil Action<br><br>No. 2:09-cv-4566-WY<br><br>ECF CASE |

---

**DEFENDANT'S BRIEF IN OPPOSITION TO MOTION TO REMAND**

---

FISHER & PHILLIPS LLP
Radnor Financial Center
201 King of Prussia Road, Suite 650
Radnor, Pennsylvania 19087
Phone: (610) 230-6001

430 Mountain Avenue
Murray Hill, NJ 07974
(908) 516-1050
Attorneys for Defendant

Of Counsel:
Todd A. Ewan, Esq.

On The Brief:
Kathleen McLeod Caminiti, Esq.
David J. Treibman, Esq.

NewJersey 162367.1

**Preliminary Statement**

Plaintiff's Motion to Remand is more ambitious than its title suggests.[1] Plaintiff does indeed seek to remand this matter to state court for lack of subject matter jurisdiction. But she also complains that defendant Wachovia Bank ("Wachovia") failed to include in its removal filings a copy of her state court "Motion to Cease and Desist and Payback," and "demands" (her word) that if the Court does not remand this matter, she be permitted to proceed in forma pauperis. Despite its ambitions, plaintiff's Motion to Remand is frivolous.

First, this Court unquestionably has jurisdiction, and on both possible grounds. The Court has federal question jurisdiction because one of plaintiff's claims is expressly based on Wachovia's alleged violations of her federal constitutional rights. The Court has diversity jurisdiction because plaintiff is a citizen of Pennsylvania, Wachovia is a citizen of North Carolina, and plaintiff's damages demand of $64,014,647.16 is tens of millions of dollars higher than the $75,000 jurisdictional minimum.

Second, Wachovia's omission of plaintiff's state court Motion from its removal papers was unavoidable, since plaintiff never served Wachovia with it. Moreover, a state court motion is not a paper that a removing defendant is required to file. Even if it were, however, plaintiff supplied Wachovia's omission by filing her Motion here herself.

Finally, plaintiff is not entitled to proceed in forma pauperis for the most obvious of reasons – she has failed to file a financial statement showing her entitlement to that status.

---

[1] Plaintiff filed her Motion to Remand twice. She first filed it on October 15, 2009 (Dkt. Entry 6). She filed it a second time on October 22, 2009 (Dkt. Entry 7). The "Motion" document itself is identical in both filings, except that in the second filing it does not attach the Exhibit A it refers to. The second filing, though not the first, includes a Memorandum in Support of Remand, a proposed Order, and a Certificate of Service. Plaintiff's legal arguments in both filings are identical, since the Memorandum in Support included with the second filing essentially repeats the contentions of the Motion document.

Plaintiff's Motion to Remand is accordingly frivolous and should be denied. Instead, the Court should grant Wachovia's motion (Dkt. Entry 4) to dismiss plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6), with prejudice, for failure to state a claim upon which relief can be granted.

## Legal Argument

### I. Plaintiff's Application for Remand Is Frivolous.

Plaintiff's contention that the Court lacks jurisdiction is frivolous. The Court, in fact, has *both* federal question *and* diversity jurisdiction.

#### A. The Court Has Federal Question Jurisdiction.

The Supreme Court explains:

> Under the removal statute, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant" to federal court. 28 U.S.C. § 1441(a). One category of cases of which district courts have original jurisdiction is "[f]ederal question" cases: cases "arising under the Constitution, laws, or treaties of the United States." § 1331.

*Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004). A case presents a federal question when a federal claim appears on the "face of the complaint." *First Union Nat'l Bank v. Frempong*, No. 99-1434, 1999 U.S. Dist. LEXIS 8528 (E.D. Pa. June 9, 1999) (opinion of Yohn, J.), *aff'd mem.*, 208 F.3d 205 (3d Cir. 2000). *Accord, e.g., Davila*, 542 U.S. at 207 (the existence of a federal question is "determined from what necessarily appears in the plaintiff's statement of his own claim") (internal quotation marks & citation omitted); *Levine v. United Healthcare Corp.*, 402 F.3d 156, 162, (3d Cir.) ("federal courts have federal jurisdiction ... when a federal claim appears in the complaint"), *cert. denied*, 546 U.S. 1054 (2005); *Fumo v. Gallas*, No. 00-4774, 2001 U.S. Dist. LEXIS 1140, at *7 (E.D. Pa. Feb. 6, 2001) (opinion of Yohn, J.).

Count One of plaintiff's Complaint, which extends from paragraph 1 through 72, is headed "Constitutional Violations." Paragraph 1 says that plaintiff is "seeking money damages

because defendant caused injury to Plaintiff by ... violating her civil rights ..., such rights being protected by the 4th and 5th amendments of the Constitution of the United States." Paragraph 13 says that Wachovia's honoring of an Internal Revenue Service ("IRS") levy on her bank accounts violated "the 4th and 5th Amendments of the National Constitution." Paragraph 14 says that Wachovia's honoring of an IRS levy on her wages was "in violation of the 4th and 5th Amendments of the National Constitution." Paragraph 15 says that Wachovia "violated Plaintiff's national and state constitutional rights." Count One ends by basing plaintiff's demand for relief in the amount of $50,014,647.16 plus interest on Wachovia's alleged violation of her "state and national Constitutional rights." (Compl. ¶ 72 & "Wherefore" clause.)

Plaintiff's Complaint on its face thus asserts a federal constitutional claim, and so raises a federal question. Her assertions to the contrary in her Motion to Remand are accordingly frivolous and her application to remand should be denied. Instead, the Court should grant Wachovia's motion to dismiss plaintiff's Complaint for failure to state a claim upon which relief can be granted.

**B.    The Court Has Diversity Jurisdiction.**

Another source of original jurisdiction in this Court lies in the diversity statute, which vests jurisdiction in federal district courts over lawsuits between "citizens of different States" where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). Plaintiff herself states that she is a citizen of the State of Pennsylvania. (Compl. caption & ¶¶ 1, 2, 5.) Wachovia is a federally-chartered bank whose main office, as set forth in its articles of association, is in Charlotte, North Carolina. (Verified Statement of Jana Pearson ¶ 2.) It is, accordingly, a citizen of the State of North Carolina for purposes of diversity jurisdiction. 28 U.S.C. § 1348 ("All national banking associations shall, for the purposes of all ... actions by or against them, be deemed citizens of the States in which

they are respectively located"); *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 307 (2006) ("a national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located").[2] The $75,000 jurisdictional amount is exceeded by tens of millions of dollars, since plaintiff's Complaint demands damages, exclusive of interest and costs, in the amount of $64,014,647.16. (*See* Compl. "Wherefore" clauses following ¶¶ 72, 74, 76, 79, 82, 84, 87.) *See, e.g., Cal. Sun Tanning USA, Inc. v. Elec. Beach, Inc.*, No. 07-4762, 2008 U.S. Dist. LEXIS 91478, at *8 n.3 (E.D. Pa. Nov. 5, 2008) ("For the purposes of diversity jurisdiction, the amount in controversy must be determined based on the plaintiff's complaint at the time of filing") (opinion of Yohn, J., citing *Angus v. Shiley, Inc.*, 989 F.2d 142, 145 (3d Cir. 1993)). The Court accordingly has diversity jurisdiction as well as federal question jurisdiction, and for this reason, too, plaintiff's application for remand is frivolous and should be denied.[3]

---

[2] Plaintiff says in the opening paragraph of her Motion to Remand that "Defendant Wachovia Bank ... includes Wells Fargo Bank." Wells Fargo Bank is not a defendant in this matter and is a separate legal entity from Wachovia Bank. (Verified Statement of Jana Pearson ¶ 3.)

[3] Equally frivolous is plaintiff's contention that the diversity statute's *inclusion* in the definition of "States" for diversity purposes of "the Territories, the District of Columbia, and the Commonwealth of Puerto Rico," 28 U.S.C. § 1332(e), somehow *excludes* the 50 States from the diversity statute. Plaintiff's argument is based on a misapplication of the principle of statutory construction, *expressio unius est exclusio alterius*. That principle, which "instructs that when Congress expresses one thing, it excludes the others, ... should be taken with a grain of salt – or even better, with a grain of common sense." *United States v. Lnu*, 575 F.3d 298, 303 (3d Cir. 2009) (internal quotation marks & citation omitted). A dose of common sense would have told plaintiff that the statute conferring jurisdiction on federal district courts over "civil actions ... between ... citizens of different States," 28 U.S.C. § 1332(a)(1), actually means what it says, and that § 1332(e) *expands* diversity jurisdiction to non-State entities; it does not *restrict* it to such entities. *See, e.g.*, 28 U.S.C. § 1332 Historical & Revision Notes (discussing history of provision); 20 CHARLES ALAN WRIGHT & MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE DESKBOOK § 26 & n.24 (Westlaw 2009) (noting that in 1940 Congress "undertook to provide that citizens of the District of Columbia, and of the territories, should be regarded as citizens of a state for purposes of diversity jurisdiction"); *Wu v. Ryder Truck Rental, Inc.*, 561 F. Supp. 2d 1061, 1063 (E.D. Mo. 2008) ("Throughout Chapter 85 of Title 28, which are the sections of the law dealing with the jurisdiction of district courts, ... the word 'State' is used to refer to states within the United States").

The Court should instead grant Wachovia's motion to dismiss plaintiff's Complaint for failure to state a claim upon which relief can be granted.

II.     **Plaintiff's "Motion to Cease and Desist and Payback" Is Neither "Process," "Pleading," Nor "Order," and Should Be Denied on the Merits.**

Along with its notice of removal, a defendant is required to file "a copy of all process, pleadings, and orders served upon such defendant ... in [the] action." 28 U.S.C. § 1446(a). Plaintiff asserts that Wachovia "forgot" to file her Motion to Cease and Desist and Payback, which she attaches to her Motion to Remand (Dkt. Entry 6 only) as Exhibit A. There are several responses to plaintiff's assertion.

First, and most obvious, a "motion" is not process, a pleading, or an order. A motion is not, of course, an "order," but an application for an order. Nor is a motion "process," which is another term for a summons. *See* Fed.R.Civ.P. 4, 12(b)(4), (5); 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE CIVIL (hereinafter, "*Wright & Miller*") § 1353 (3d ed. Westlaw 2009); 2 MILTON I. SHADURUPDATES & MARY P. SQUIERS, MOORE'S FEDERAL PRACTICE – CIVIL (hereinafter, "*Moore's*") § 12.33[1] (Matthew Bender 3d ed.). A motion is also not a "pleading," which the Federal Rules of Civil Procedure expressly distinguish from a motion. *Compare* Fed.R.Civ.P. 7(a) (only pleadings allowed are complaint, answer to complaint, answer to counterclaim, answer to crossclaim, third-party complaint, answer to third-party complaint, and reply to an answer if court orders one) *with* Fed.R.Civ.P. 7(b)(1) ("A request for a court order must be made by motion"); *see also, e.g., Burns v. Lawther*, 53 F.3d 1237, 1241 (11th Cir. 1995) ("Rule 7 explicitly excludes everything else" not listed in Rule 7(a) "from its definition of pleadings"); *Moore's* § 7.02[1][b] ("No other paper will be considered a pleading except those specifically named in Rule 7(a). A motion in any form cannot stand as a pleading") (footnote omitted); *Wright & Miller* § 1183 ("Federal Rule 7(a) purports to enumerate all of the pleadings permitted in federal practice").

NewJersey 162367.1                                                5

Second, § 1446(a) requires a removing defendant to file the process, pleading, or order only if the defendant was previously "served" with it. Plaintiff never previously served Wachovia with her Motion to Cease and Desist and Payback. (Verified Statement of Jana Pearson ¶ 4.) Nor, as the state court docket sheet shows, did plaintiff ever file that Motion in state court. (A copy of the state court docket sheet is attached as Exhibit A to the Verified Statement of Kathleen McLeod Caminiti, Esq. submitted herewith.)[4]

Third, as this Court has observed, even if Wachovia was required to have filed plaintiff's Motion to Cease and Desist and Payback, a "failure to file the exhibits" required by § 1446(a) "is not a jurisdictional defect," does "not affect the right to remove and may be subsequently remedied." *Efford v. Milam*, 368 F. Supp. 2d 380, 383 (E.D. Pa. 2005) (opinion of Yohn, J.). Assuming a remedy was necessary, plaintiff herself has already provided one by filing the Motion.

Finally, plaintiff's Motion to Cease and Desist and Payback is itself utterly without merit and should be denied. Wachovia does not have it in its power to "Cease and Desist" from garnishment; it is *required* by federal statute to comply with the IRS levies at issue in this action:

> (1) Extent of personal liability – Any person who fails or refuses to surrender any property or rights to property, subject to levy, upon demand by the Secretary, shall be liable in his own person and estate to the United States in a sum equal to the value of the property or rights not so surrendered, but not exceeding the amount of taxes for the collection of which such levy has been made, together with costs and interest on such sum at the underpayment rate established under section 6621 from the date of such levy (or, in the case of a levy described in section 6331(d)(3), from the date such person would otherwise have

---

[4] As the state court docket sheet also shows, on October 22, 2009, *after* Wachovia filed its Notice of Removal here (Dkt. Entry 1), and *after* plaintiff first filed her Motion to Remand on October 15, she did file a Pre-Trial Motion to Cease and Desist and Payback in state court (copy attached as Exhibit B to the Verified Statement of Kathleen McLeod Caminiti, Esq.). This newly-filed state court Motion is *not* identical to the purported state court Motion plaintiff attached as Exhibit A to her Motion to Remand. It is also procedurally improper under 28 U.S.C. § 1446(d) and substantively meritless for the same reasons discussed below with respect to the version of the Motion plaintiff filed here.

been obligated to pay over such amounts to the taxpayer). Any amount (other than costs) recovered under this paragraph shall be credited against the tax liability for the collection of which such levy was made.

        (2)    Penalty for violation – In addition to the personal liability imposed by paragraph (1), if any person required to surrender property or rights to property fails or refuses to surrender such property or rights to property without reasonable cause, such person shall be liable for a penalty equal to 50 percent of the amount recoverable under paragraph (1). No part of such penalty shall be credited against the tax liability for the collection of which such levy was made.

26 U.S.C. § 6332(d). (*See also* Def.'s Br. at 4.[5])

Nor can plaintiff obtain from Wachovia "Payback [of] all monies taken from me" by Wachovia in compliance with the IRS levies:

> Effect of honoring levy – Any person in possession of (or obligated with respect to) property or rights to property subject to levy upon which a levy has been made who, upon demand by the Secretary, surrenders such property or rights to property (or discharges such obligation) to the Secretary (or who pays a liability under subsection (d)(1)) shall be *discharged from any obligation or liability to the delinquent taxpayer and any other person with respect to such property or rights to property arising from such surrender or payment.*

26 U.S.C. § 6332(e) (emphasis added). (*See also* Def.'s Br. at 3-8.)

Thus, plaintiff's observation that her Motion to Cease and Desist and Payback was not filed with Wachovia's Notice of Removal is accurate but immaterial. It cannot support her application for a remand. By the same token, plaintiff's Motion to Cease and Desist and Payback is meritless and should be denied.

### III.    Plaintiff May Not Proceed in Forma Pauperis.

Plaintiff "demands" that if this matter is not remanded, "she be recognized as a pauper who can not pay any of the costs involved in this action." (Pl.'s Mot. ¶ 8.) This application to proceed in forma pauperis should be denied, since plaintiff has failed to "submit[] an affidavit that includes a statement of all assets [she] possesses." 28 U.S.C. § 1915(a)(1). The Court

therefore cannot utilize the "procedures" the Third Circuit has established "by which § 1915 [the in forma pauperis statute] is to operate." *Douris v. Middletown Twp.*, 293 Fed. Appx. 130, 132 (3d Cir. 2008). Pursuant to these procedures, a court first "reviews the litigant's financial statement, and, if convinced that he or she is unable to pay the court costs and filing fees, the court will grant leave to proceed *in forma pauperis.*" *Id.* If leave is granted, the court then considers, in pertinent part, whether "the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief"; if so, "the court shall dismiss the case." 28 U.S.C. § 1915(e)(2)(B). *See Douris*, 293 Fed. Appx. at 132; *Deutsch v. United States*, 67 F.3d 1080, 1084 n.5 (3d Cir. 1995); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109 (3d Cir. 2002).

Here, plaintiff cannot get past the first step, since she has submitted no financial statement. The Court should accordingly deny her leave to proceed in forma pauperis. But even if the Court could permit plaintiff to proceed in forma pauperis here, it would not help her, since, as Wachovia explains at length in its motion to dismiss, plaintiff's Complaint is frivolous, does fail to state a claim on which relief can be granted, and does seek monetary relief against Wachovia, a defendant who has statutory immunity to such relief.

### Conclusion

Plaintiff's Motion to Remand is frivolous. The Court plainly has both federal question and diversity jurisdiction. Wachovia's purported omission to file plaintiff's Motion to Cease and Desist and Payback is immaterial: The Motion did not have to be filed, since it is neither process, pleading, nor order; plaintiff never previously served it on Wachovia; and even if Wachovia had been technically required to file it, plaintiff has made good Wachovia's omission

---

[5] "Def.'s Br." is the Brief in Support of Defendant's Dismissal Motion Under Federal Rule of Civil Procedure 12(b)(6) (Dkt. Entry 4 attachmt. 1).

by filing it now herself. Plaintiff Motion to Cease and Desist and Payback is also meritless and should itself be denied. Finally, plaintiff's request to proceed in forma pauperis should be denied because she has failed to submit evidence establishing her eligibility. In sum, plaintiff's Motion to Remand lacks any substance at all and should be denied.

Instead, the Court should grant Wachovia's motion (Dkt. Entry 4) to dismiss plaintiff's Complaint, with prejudice, under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

>            FISHER & PHILLIPS LLP
>            Attorneys for Defendants
>
> By:    s/Kathleen McLeod Caminiti, Esq., *Pro Hac Vice*
>            KATHLEEN McLEOD CAMINITI
>            FISHER & PHILLIPS LLP
>            430 Mountain Avenue
>            Murray Hill, NJ 07974
>            Phone: (908) 516-1050
>            Fax:    (908) 516-1051
>            Email: kcaminiti@laborlawyers.com

Dated: November 2, 2009