# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CLAUDIA LANIER,<br>　　　Plaintiff, | CIVIL ACTION<br><br>No. 2:09-cv-4566-WY |
| v. | |
| WACHOVIA BANK,<br>　　　Defendant. | |

**Memorandum**

YOHN, J.　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　March 24, 2010

　　　Defendant, Wachovia Bank, N.A., moves to dismiss the *pro se* complaint of plaintiff, Claudia Lanier, under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. In her complaint, plaintiff contends that Wachovia improperly turned over to the Internal Revenue Service (the "IRS") deposits from her bank accounts pursuant to a notice of levy. She claims that Wachovia should have first confirmed that the notice of levy was valid. She contends that it was not. Wachovia contends that it was required to comply with the notice of levy pursuant to 26 U.S.C. § 6332 and that it has statutory immunity from any claim against it for such compliance, regardless of the validity of the underlying tax assessment. I conclude that Wachovia is correct. Well-settled precedent establishes that plaintiff's recourse for any dispute she might have regarding the validity of the tax assessed against her is with the IRS, not with third parties such as Wachovia who are merely fulfilling their statutory obligations. In fact, plaintiff's arguments in opposition to Wachovia's motion, although sincere, are misguided and frivolous. Accordingly, I will grant Wachovia's motion and will dismiss plaintiff's complaint with prejudice.

## I.     Factual and Procedural Background

Plaintiff alleges that she opened a checking account with Wachovia on or about January 2, 2004. (Compl. ¶ 7.) She further alleges that she began working for Wachovia as a bank teller in November 2005. (Id. ¶ 9.) According to plaintiff, on November 16, 2006, the IRS issued a notice of levy instructing Wachovia to turn over the money she had on deposit with the bank. (Id. ¶ 10.) She alleges that Wachovia complied with the notice of levy on or about December 11, 2006, even though she protested to Wachovia that the notice of levy was invalid because the IRS had not obtained a court order against her. (Id. ¶¶ 11, 44-45.)[1] She alleges that Wachovia has turned over $15,000 of her deposits to the IRS over time. (Id. ¶¶ 12, 16.)

Plaintiff filed this action *pro se* on September 3, 2009, in the Court of Common Pleas of Philadelphia. Wachovia removed the case to this court on October 5, 2009. In her complaint, plaintiff contends that the IRS was without statutory authority to issue the notice of levy. (Id. ¶¶ 22-40, 63-66a.[2]) She also contends that, before issuing a notice of levy, the IRS was required – but failed – to (1) prepare an assessment of her taxes and (2) file a formal legal action in court. (Id. ¶¶ 50-62.) She further contends that Wachovia had a fiduciary duty to determine whether the IRS was within its rights to garnish her accounts. (Id. ¶¶ 15, 65b-66b.) She claims that by failing in that duty, Wachovia violated her rights under the Pennsylvania and U.S. constitutions. (Id. ¶ 72.) She also claims that Wachovia is liable for breach of contract, theft by conversion,

---

[1] Plaintiff further alleges that she opened a second checking account with Wachovia on or about March 5, 2007, jointly with Richard Gee, from which Wachovia also appears to have turned over money to the IRS. (Id. ¶ 8.)

[2] Paragraph numbers 65 and 66 of plaintiff's complaint appear twice but with respect to separate allegations. I will refer to the first appearance as paragraphs 65a and 66a and the second as paragraphs 65b and 66b.

negligence, the downgrading of her credit score, the "loss of life's pleasures," and invasion of privacy. (Id. ¶¶ 73-87.)

**II.     Legal Standards**

In analyzing a motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim, the court must determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief. Fowler v. UPMC Shadyside, 578 F.3d 203, 210-211 (3d Cir. 2009). "This 'plausibility' determination will be 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" Id. (quoting Ashcroft v. Iqbal, --- U.S. ----, ----, 129 S.Ct. 1937, 1949-50 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949. In performing its analysis, the court must accept all of the complaint's well-pleaded facts as true. Fowler, 578 F.3d at 211. The assumption of truth does not, however, apply to legal conclusions couched as factual allegations or to "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Iqbal, 129 S.Ct. at 1949.

*Pro se* allegations are broadly construed and given every favorable inference which may reasonably be drawn from them. Edwards v. Boeing Vertol Company, 717 F.2d 761, 764 (3d Cir. 1983) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)). Nevertheless, because "no set of facts can cure a claim that lacks a legal foundation," such a claim should be dismissed with prejudice because any attempt to amend it would be "futile." Dick v. Healthcare Risk Solutions, LLC, No. 08-2497, 2008 WL 4682621, at *4 (E.D. Pa. Oct. 22, 2008) (citing Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004)); see also Lawson v. Nat'l Continental-Progressive Ins. Co.,

347 Fed.Appx. 741, 744 (3d Cir. 2009) (affirming dismissal with prejudice of *pro se* complaint on grounds of futility).

**III.  Discussion**

Even read in the light most favorable to plaintiff, her complaint fails to state a claim upon which relief can be granted. Pursuant to 26 U.S.C. § 6332(e), Wachovia is immune from liability for actions taken to comply with the notice of levy. Furthermore, given Wachovia's immunity, there is no set of facts that plaintiff could assert in an amended complaint that would make Wachovia liable for those actions. To the extent that plaintiff's complaint can be read as challenging the validity of the underlying tax assessment, the IRS would have been the appropriate party against which to pursue such a claim, not Wachovia. Accordingly, I will dismiss the complaint with prejudice.

    **A.  Plaintiff's Complaint Should Be Dismissed With Prejudice Because Wachovia Was Required to Comply With the Notice of Levy and Has a Complete Defense for Such Compliance**

The heart of plaintiff's complaint is her contention that Wachovia should not have complied with the notice of levy because the IRS did not obtain a court order to garnish her bank accounts. This claim is meritless. Regardless of whether the IRS needed to obtain such a court order – it did not – Wachovia was required by law to comply with the notice of levy and is immune from liability for such compliance.

Under the Internal Revenue Code, a tax lien arises at the time of assessment on "all property and rights of property, whether real or personal," belonging to a delinquent taxpayer:

> If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or

>   assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person.

26 U.S.C. § 6321; Congress Talcott Corp. v. Gruber, 993 F.2d 315, 318 (3d Cir. 1993) ("When a taxpayer is delinquent in paying taxes, section 6321 of the Internal Revenue Code places the government in the position of a secured creditor and empowers it to impose a lien on 'all property and rights to property' belonging to the taxpayer.") (quoting 26 U.S.C. § 6321). The statutory language is broad and is meant to reach every interest in property that a taxpayer might have, including earned wages. United States v. Nat'l Bank of Commerce, 472 U.S. 713, 720 (1985).

The IRS's lien is not, however, self-executing. The IRS must select between two options when enforcing its lien. In the first option, a 26 U.S.C. § 7403(a) lien foreclosure suit, the IRS files an action in district court to enforce the lien. Id. This is an involved proceeding that actually determines the priorities of the various claimants as to the property. Id.

The second, and more common, lien enforcement mechanism is an administrative levy pursuant to 26 U.S.C. § 6331:

>   Authority of Secretary.--If any person liable to pay any tax neglects or refuses to pay the same within 10 days after notice and demand, it shall be lawful for the Secretary to collect such tax (and such further sum as shall be sufficient to cover the expenses of the levy) by levy upon all property and rights to property (except such property as is exempt under section 6334) belonging to such person or on which there is a lien provided in this chapter for the payment of such tax. . . . .

26 U.S.C. § 6331(a). The administrative levy "does not require any judicial intervention." United States v. Rodgers, 461 U.S. 677, 682-683 (1983); Barnard v. Pavlish, No. 97-CV-0236, 1998 WL 247768, at *2 (M.D. Pa. Mar. 30, 1998) (administrative levy does not require any "court authorization"), aff'd, 187 F.3d 625 (3d Cir. 1999). "The IRS need never go into court to

assess and collect the amount owed; it is empowered to collect the tax by non-judicial means (such as levy on property or salary, 26 U.S.C. §§ 6331, 6332), without having to prove to a court the validity of the underlying tax liability." United States v. Baggot, 463 U.S. 476 (1983).[3]

Unlike § 7403(a)'s lien foreclosure suit, § 6331's administrative levy does not determine the relative priority of creditors' claims, either amongst themselves or in relation to the IRS's lien. Instead, it simply "protect[s] the Government against diversion or loss while such claims are being resolved." Nat'l Bank of Commerce, 472 U.S. at 721. In essence, it takes a snapshot of the property at the time of levy, freezing it until the court can sort out the rights of competing claimants. Id. at 731 (the administrative levy is a "provisional remedy, which does not determine the rights of third parties until after the levy is made, in postseizure administrative or judicial hearings") (emphasis omitted).[4]

---

[3] The only requirement for this procedure is that the IRS must provide the taxpayer with advance notice of the administrative levy. 26 U.S.C. § 6331(a). Plaintiff's complaint does not allege that the IRS failed to provide such advance notice. Regardless, as explained below, whether or not the IRS did provide such advance notice has no effect on Wachovia's immunity from suit pursuant to 26 U.S.C. § 6332(e). Were plaintiff to contend that the IRS failed to provide such advance notice, she would still not be able to pursue an action against Wachovia.

[4] The constitutionality of the administrative levy "has long been settled." Phillips v. Commissioner, 283 U.S. 589, 595 (1931). The U.S. Supreme Court noted in Phillips that the levy has been a cornerstone of federal revenue laws since 1791 and requires broad construction because the government needs a speedy, cheap, and certain means of collecting delinquent taxes. Id. at 595 n.5 (1931) (gathering late eighteenth- and early nineteenth-century statutes). In Nat'l Bank of Commerce the Court described the levy as "essential" to our system of taxation:

> The underlying principle justifying the administrative levy is the need of the government promptly to secure its revenues. Indeed, one may readily acknowledge that the existence of the levy power is an essential part of our self-assessment tax system, for it enhances voluntary compliance in the collection of taxes. Among the advantages of administrative levy is that it is quick and relatively inexpensive.

Nat'l Bank of Commerce, 472 U.S. at 721 (internal quotations and citations omitted).

Through the administrative levy, the IRS has the power to collect the tax using "the power of distraint and seizure by any means." 26 U.S.C. § 6331(b). When the levied property is held by a party other than the taxpayer, the IRS may demand that the third party surrender the property pursuant to 26 U.S.C. § 6332:

> Requirement.--Except as otherwise provided in this section, any person in possession of (or obligated with respect to) property or rights to property subject to levy upon which a levy has been made shall, upon demand of the Secretary, surrender such property or rights (or discharge such obligation) to the Secretary, except such part of the property or rights as is, at the time of such demand, subject to an attachment or execution under any judicial process.

Id. § 6332(a). In the case of banks such as Wachovia, § 6332 is even more specific:

> Special rule for banks.--Any bank (as defined in section 408(n)) shall surrender (subject to an attachment or execution under judicial process) any deposits (including interest thereon) in such bank only after 21 days after service of levy.

Id. § 6332(c).

Treasury regulations provide that the means by which the IRS makes such a demand on third parties is through a "notice of levy." 26 C.F.R. § 301.6331-1(a)(1) ("Levy may be made by serving a notice of levy on any person in possession of, or obligated with respect to, property or rights to property subject to levy, including receivables, bank accounts, evidences of debt, securities, and salaries, wages, commissions, or other compensation."); see also Congress Talcott, 993 F.2d at 318 ("When a taxpayer's property is held by a third party, section 6332(a) authorizes the government to serve a notice of levy on the third party."); Nat'l Bank of Commerce, 472 U.S. at 720-21 ("In the situation where a taxpayer's property is held by another, a notice of levy upon the custodian is customarily served pursuant to section 6332(a)."); Schiff v. Simon & Schuster, Inc., 780 F.2d 210, 212 (2d Cir. 1985) ("It is well established that a levy on property in the hands of a third party is made by serving a notice of levy on the third party.")

(internal quotation and citation omitted).[5] A notice of levy requires a third party holding the levied property to relinquish it. Nat'l Bank of Commerce, 472 at 720-21 (a notice of levy "gives the IRS the right to all property levied upon").

Third parties understandably are apprehensive about turning over property they hold to the IRS, especially if it is later proved that another creditor, or the taxpayer, had a superior claim. Congress did not wish to place the burden of making a correct determination of ownership or priority upon innocent third parties such as Wachovia. See Weissman v. U.S. Postal Serv., 19 F. Supp. 2d 254, 261 (D.N.J. 1998) (noting that Congress enacted § 6332(e) to prevent third parties served with a levy from "being forced to negotiate between the Scylla of IRS fury and the Charybdis of taxpayer vengeance every time a levy is made"); see also Farr v. United States, 990 F.2d 451, 456 (9th Cir. 1993) (same). Section 6332(e) accordingly provides that those who comply with a notice of levy "shall be discharged from any obligation or liability to the

---

[5] Plaintiff asserts that Treasury Regulations are not the law. This is certainly true, as such regulations "are simply the interpretation of statutes previously enacted." Caterpillar Tractor Co. v. United States, 589 F.2d 1040, 1043 (Ct. Cl. 1978). However, Treasury Regulations, "if reasonable, [are] accepted or deferred to by the courts because [they are] made by the agency Congress has entrusted with carrying out its purpose." Id.; see also Mazzocchi Bus Co., Inc. v. C.I.R., 14 F.3d 923, 928 (3d Cir. 1994) (holding that IRS regulation was reasonable interpretation of Internal Revenue Code) (citing Cottage Sav. Ass'n v. Commissioner, 499 U.S. 554, 560-61 (1991) ("we must defer to [the Commissioner's] regulatory interpretations of the Code so long as they are reasonable")). In this case, the Treasury Regulation allowing a levy to be enforced through the service of a notice of levy is a reasonable interpretation of 26 U.S.C. § 6331, which does not itself set forth the procedure for enforcing a levy, but provides that a "levy" is "the power of distraint and seizure by any means." 26 U.S.C. § 6331(b); see Simon v. Playboy Elsinore Assocs., No. 90-6607, 1991 WL 71119, at *2 (E.D. Pa. Apr. 29, 1991) ("A Notice of Levy and a Demand to comply therewith have been held to be equivalent to seizure.") (citing In re Chicagoland Ideel Cleaners, Inc. v. Phelps, 495 F.2d 1283, 1285 (7th Cir. 1974)).

delinquent taxpayer and any other person with respect to such property or rights to property arising from such surrender or payment":

> Effect of honoring levy.--Any person in possession of (or obligated with respect to) property or rights to property subject to levy upon which a levy has been made who, upon demand by the Secretary, surrenders such property or rights to property (or discharges such obligation) to the Secretary (or who pays a liability under subsection (d)(1)) *shall be discharged from any obligation or liability to the delinquent taxpayer and any other person with respect to such property or rights to property arising from such surrender or payment.*

26 U.S.C. § 6332(e) (emphasis added).[6]

Immunity under § 6332(e) has been interpreted generously. Weissman, 19 F. Supp. 2d at 261. Even if a levy is determined to be invalid, the custodian is still immune from liability from suits arising from compliance with the levy. Id.; Barnard, 1998 WL 247768 at *3; see also Moore v. Gen. Motors Pension Plans, 91 F.3d 848 (7th Cir. 1996) (holding that immunity is not limited to levies which survive challenges to their validity). Accordingly, the Third Circuit has held that "[a] third party who honors the levy and surrenders the property has no liability to the delinquent taxpayer . . . ." Congress Talcott, 993 F.2d at 318.[7]

---

[6] For years § 6332(d) forced third party custodians to walk a tight-rope between liability to the taxpayer, to third parties who might have an interest in the subject property, and to the IRS, with their success depending on whether the custodian could accurately gauge the precise, minimum level of compliance required by law. Farr, 990 F.2d at 456. As a result, many custodians opted to litigate the validity and scope of levies, thereby increasing the cost and delaying the collection of federal revenues. In response, Congress created statutory immunity, pursuant to 26 U.S.C. § 6332(e), for persons honoring an IRS levy. Id. at 455-56.

[7] Dishonoring the levy, on the other hand, "will render the third party personally liable to the government for the value of the property and for additional penalties if the noncompliance was not reasonable." Id. Besides "a sum equal to the value of the property or rights not . . . surrendered . . . together with costs and interest," the statute imposes an additional 50% penalty upon "[a]ny person who fails or refuses to surrender any property or rights to property, subject to levy, upon demand," if the refusal to surrender property was "without reasonable cause." 26 U.S.C. § 6332(d).

Thus, plaintiff's claims against Wachovia are unquestionably barred by § 6332(e). Given the statutory language of § 6332(e), the authority interpreting the provision, and the fact that all of plaintiff's claims arise from Wachovia's surrender of plaintiff's deposits to the IRS pursuant to the notice of levy, it is clear that Wachovia is entitled to immunity from suit in relation to complying with the notice of levy in this case.[8] To the extent plaintiff challenges the validity of the notice of levy (or the validity of the underlying tax assessment) her arguments are directed to the wrong party. See Schiff, 780 F.2d at 212 ("The fact that appellant disputes the validity of the underlying tax assessment does not alter [appellee's] obligation to honor the levy.").[9]

In sum, pursuant to § 6332(e), Wachovia is immune from any claims by plaintiff related to Wachovia's compliance with the notice of levy.

---

[8] Wachovia emphasizes that its immunity from liability pursuant to § 6332(e) extends to all claims plaintiff attempted to pursue under state law, including her claims for breach of contract, theft by conversion, negligence, the downgrading of her credit score, the loss of life's pleasures, and invasion of privacy. (Brief in Support of Defendant's Dismissal Motion at 7-8.) Plaintiff did not respond to Wachovia's argument on this issue. Accordingly, plaintiff has waived any argument to the contrary. Regardless, plaintiff's state law claims have no merit. Wachovia is correct that they are preempted by the complete statutory immunity granted by § 6332(e) under federal law. Schulze v. Legg Mason Wood Walker, Inc., 865 F. Supp. 277, 285 (W.D. Pa. 1994) ("plaintiff's state-law claims" – which included claims for "conversion, breach of fiduciary duty of good faith and loyalty, and breach of fiduciary duty of timely notice" – "are preempted . . . by federal law," which "immunizes [defendant] for surrendering the levied property"); see also Warren v. Masco Contractor, No. 02-5808, 2003 WL 21805943, at *2 (D.N.J., July 15, 2003) (dismissing state law claims, including claims for breach of contract, intentional infliction of emotional distress, and invasion of privacy, because "the Internal Revenue Code absolves Defendant from liability arising from compliance with an IRS tax levy"); see also Fry v. United States, No. 07-8175, 2008 WL 4381543, at *3 (D. Ariz., Sept. 17, 2008) ("Reading an exception into the statute for the Plaintiff's [state law] claims would render the immunity virtually meaningless").

[9] Because the administrative levy is only a provisional remedy, the court need not and does not determine the validity of the underlying assessment of tax and penalties by the IRS against plaintiff. The court likewise does not determine whether or not plaintiff has any valid claims against the IRS.

## B. Plaintiff's Complaint Should Also Be Dismissed With Prejudice Because All of Her Arguments Attempting to Hold Wachovia Liable for Complying With the Notice of Levy Are Frivolous

Wachovia's immunity from liability for its compliance with the notice of levy ends the analysis necessary to dismiss plaintiff's complaint with prejudice. I address the remainder of plaintiff's arguments, however, to demonstrate that even if Wachovia were not immune from suit pursuant to § 6332(e), plaintiff's complaint would still be dismissed with prejudice because amendment would be futile. See Alston, 363 F.3d at 235. Plaintiff's arguments are the kind of "tax protester rhetoric and legalistic gibberish" that have been repeatedly rejected by the courts. Stouch v. Williams Hospitality Corp., 22 F. Supp. 2d 431, 434 (E.D. Pa. 1998) (dismissing *pro se* claims as frivolous); see also Angstadt v. IRS, No. 99-4173, 1999 WL 820866, at *3 (E.D. Pa. Oct. 12, 1999) (affirming order of bankruptcy court overruling objections to proof of claim that were "premised on frivolous and erroneous readings of the law"); United States v. Weatherly, 12 F. Supp. 2d 469, 469 n.1 (E.D. Pa. 1998) (listing tax protest arguments rejected by the courts).

To begin, plaintiff argues that Wachovia should only have complied with the notice of levy if the IRS had obtained a court order requiring Wachovia to turn over plaintiff's deposits. (Pl.'s Opp'n at 4.) Plaintiff bases her argument on one of two exceptions to the rule that a third-party holder of levied property must turn it over to the government in accordance with a notice of levy. Section 6322(a) specifically exempts a third party from turning over to the government any part of levied property "as is, at the time of such demand, *subject to* an attachment or execution under any judicial process" 26 U.S.C. § 6332(a) (emphasis added). In this exception, the property has already been judicially determined to be "subject to" another attachment or execution proceeding, so to relinquish it to the government makes little sense, as it would be both inefficient and confusing. V.I. Bureau of Internal Revenue v. Chase Manhattan

Bank, 312 F.3d 131, 137 (3d Cir. 2002) (applying federal income tax law governing liens and levies) (citing Nat'l Bank of Commerce, 472 U.S. at 722 (noting exception to obligation to comply with levy where the taxpayer's property is "subject to a prior judicial attachment or execution")).[10]

The language of this exception is tracked in the subsection addressed specifically to banks like Wachovia: "Any bank . . . shall surrender (*subject to* an attachment or execution under judicial process) any deposits (including interest thereon) only after 21 days after service of levy." 26 U.S.C. § 6332(c) (emphasis added). Plaintiff argues that the phrase "subject to" in § 6332(c) means that the IRS may only issue a notice of levy when the taxpayer's property *is already* the subject of a court order. (Pl.'s Response to Def.'s Reply ("Pl.'s Surreply") at 8-9.) In other words, plaintiff argues that the phrase "subject to" represents a precondition to Wachovia's duty to surrender deposits in compliance with a notice of levy, not that a court order should merely take precedence over such a notice. (Id.)

Plaintiff offers no authority, legal or otherwise, in support of her definition of the phrase "subject to." (Id.) Plaintiff's definition is contrary to the established precedent of Chase Manhattan and Nat'l Bank of Commerce. Plaintiff's definition is also nonsensical. Plaintiff effectively suggests that, although the language of § 6332(a) requires that third parties *not* turn over levied property that is "subject to an attachment or execution under any judicial process," the same language has the opposite effect under § 6332(c) when applied to a third party that is a

---

[10] The other exception is where the taxpayer no longer has a property interest in the levied property, so that the third party is "neither in possession of nor obligated with respect to property or rights to property belonging to the delinquent taxpayer." Nat'l Bank of Commerce, 472 U.S. at 722. Plaintiff does not argue that this exception has any application in the instant matter. Plaintiff cannot make such an argument, of course, because her claim relies on the fact that Wachovia had possession of her deposits.

bank. Plaintiff is wrong. Brown v. United States, No. 92-C-788, 1993 WL 643364, at *5 (D. Utah Nov. 5, 1993) ("Plaintiff has read § 6332(c) out of context and incorrectly interpreted it to require banks to wait for attachment and execution under judicial process prior to surrendering property in bank accounts."). The purpose of § 6322(c) is not to require the IRS to obtain a court order before a bank can comply with a levy. Rather, the purpose is to protect "judgment creditors with priority over the IRS lien":

> Under § 6332(c), the language "subject to an attachment or execution under judicial process" pertains to creditors other than the IRS. The section protects judgment creditors with priority over the IRS lien, but has no significance with regard to the levy requirements of the service.

In re Larsen, 232 B.R. 482, 484 (Bkrtcy. D. Wyo. 1998) (rejecting argument that § 6332(c) requires the IRS to obtain a judgment through a judicial process before it can assess and collect income taxes). Any possible, even if strained, confusion about the interpretation of § 6332(c) is resolved by the IRS regulations implementing the procedure for levying on deposits held by banks: "When a levy is made on deposits held by a bank, the bank shall surrender such deposits (*not otherwise subject to* an attachment or execution under judicial process) only after 21 calendar days after the date the levy is made." 26 C.F.R. § 301.6332-3(c)(1) (emphasis added). The IRS unequivocally has the right under § 6332(a) and (c) to levy on bank deposits via a notice of levy without first obtaining a court order. See 26 C.F.R. § 301.6331-1(a)(1) ("Levy may be made by serving a notice of levy on any person in possession of, or obligated with respect to, property or rights to property subject to levy, including . . . bank accounts . . . .").

Plaintiff makes the further argument that § 6332(e) does not apply because a "notice of levy" is not a "levy." (Pl. Opp'n at 16.) This argument is "absolutely meritless":

> Appellant contends that the IRS, by using a "Notice of Levy" form rather than a "Levy" form, did not properly make a levy upon his property; therefore,

- 13 -

> [appellant] asserts, Simon & Schuster was entitled to disregard the notice of levy and was even barred from complying with its demands. This argument is absolutely meritless. Appellant ignores 26 U.S.C. § 6331(b), which states that "[t]he term 'levy' . . . includes the power of distraint and seizure *by any means*" (emphasis added). It is well established that a "[l]evy on property in the hands of a third party is made by serving a notice of levy on the third party." M. Saltzman, IRS Practice and Procedure ¶ 14.15 at 14-70 (1981). The Treasury Regulations expressly provide that a "[l]evy may be made by serving a *notice of levy* on any person in possession of, or obligated with respect to, property or rights of property subject to levy . . . ." 26 C.F.R. § 301.6331-1(a)(1) (emphasis added).

Schiff, 780 F.2d at 212; see also Congress Talcott, 993 F.2d at 318 ("When a taxpayer's property is held by a third party, section 6332(a) authorizes the government to serve a notice of levy on the third party."); 26 C.F.R. § 301.6331-1(a)(1) ("Levy may be made by serving a notice of levy on any person in possession of, or obligated with respect to, property or rights to property subject to levy, including . . . bank accounts . . . .").

Plaintiff's additional argument that § 6331(a) of the Internal Revenue Code only allows the IRS to seize the salary of "any officer, employee, or elected official, of the United States, the District of Columbia, or any agency or instrumentality of the United States or the District of Columbia" (Pl.'s Opp'n at 4) is also without merit. It was rejected by the U.S. Supreme Court in Sims v. United States, 359 U.S. 108, 112-13 (1959) (all taxpayers are subject to levy for deficiencies under § 6331; § 6331 specifically names government employees and agents in response to earlier Supreme Court case which held that "federal disbursing officer might not, in the absence of express congressional authorization, set off an indebtedness of a federal employee to the Government against the employee's salary"). Tax protesters have subsequently presented variations of this argument, which the courts have similarly ruled to be without legal merit. See, e.g., James v. United States, 970 F.2d 750, 755 n.9 (10th Cir. 1992) ("Section 6331(a) empowers the IRS to levy on the property of all taxpayers.").

Plaintiff argument that because she is a citizen of the Commonwealth of Pennsylvania she is not a citizen of the United States under the Internal Revenue Code and is therefore not subject to federal taxes (Pl.'s Opp'n at 10) is similarly frivolous. "The Fourteenth Amendment established simultaneous state and federal citizenship, thereby securing the political jurisdiction of the federal government over the residents of the individual states." In re Weatherly, 169 B.R. 555, 559 (Bankr. E.D. Pa. 1994). Consequently, plaintiff is "plainly a citizen of both Pennsylvania and the United States and, as such, subject to the federal income tax." Id.

Plaintiff's argument that she is not a "taxpayer" for the purposes of the Internal Revenue Code appears to stem from her erroneous and counterintuitive belief that the Commonwealth of Pennsylvania is not included within the definition of the terms "State" and "United States" in the Internal Revenue Code and its regulations, 26 U.S.C. §§ 3121(e) and 7701(a)(9) and 26 C.F.R. 31.3121(e)-1. (Pl.'s Opp'n at 4, 19, 26.)[11] The statute and its regulations do not specifically

---

[11] Section 3121(e) defines "State" as follows: "The term 'State' includes the District of Columbia, the Commonwealth of Puerto Rico, the Virgin Islands, Guam, and American Samoa." 26 U.S.C. § 3121(e). The regulations define "State" similarly: "the term 'State' includes the District of Columbia, the Commonwealth of Puerto Rico, the Virgin Islands, the Territories of Alaska and Hawaii before their admission as States, and (when used with respect to services performed after 1960) Guam and American Samoa." 26 C.F.R. 31.3121(e)-1(a).

Section 3121(e) defines "United States" as follows: "The term 'United States' when used in a geographical sense includes the Commonwealth of Puerto Rico, the Virgin Islands, Guam, and American Samoa." 26 U.S.C. § 3121(e). Meanwhile, the regulations define "United States" as *including* "the several states": "the term 'United States', when used in a geographical sense, means the several states (including the Territories of Alaska and Hawaii before their admission as States), the District of Columbia, the Commonwealth of Puerto Rico, and the Virgin Islands." 26 C.F.R. 31.3121(e)-1(b) (When used in the regulations in this subpart with respect to services performed after 1960, the term 'United States' also includes Guam and American Samoa when the term is used in a geographical sense."). Similarly, § 7701(a)(9) specifically defines the term "United States" as including "the States": "The term "United States" when used in a geographical sense includes only *the States* and the District of Columbia." 26 U.S.C. § 7701(a)(9) (emphasis added). In addition, the regulations state that "[t]he term 'citizen of the United States' includes a citizen of the Commonwealth of Puerto Rico or the Virgin Islands, and, effective January 1, 1961, a citizen of Guam or American Samoa." 26 C.F.R. 31.3121(e)-1(b).

identify the Commonwealth of Pennsylvania when they define the terms "State" and "United States." The definitions merely state that each term "includes" certain territories belonging to the United States. Plaintiff seems to believe that Pennsylvania is therefore not included in these definitions. Put another way, she wrongly interprets the word "includes" as exclusionary. The opposite is true. According to the definition provided in 26 U.S.C. § 7701(c), "[t]he terms 'includes' and 'including' when used in a definition contained in this title shall not be deemed to exclude other things otherwise within the meaning of the term defined." Thus, plaintiff's argument that she is not a "taxpayer" under federal law is without merit.

Plaintiff's argument that the federal government only has the power to tax her for "the activities of cotton and distilled spirits" (Pl.'s Opp'n at 18) – activities in which she does not, she asserts, engage – is also frivolous. Bell Consumers, Inc. v. Lay, 203 F. Supp. 2d 1202, 1208 (W.D. Wash. 2002) (allegations that "the sections of the Internal Revenue Code governing assessments, liens and levies apply only to excise tax upon unmanufactured cotton and distilled spirits and other special (occupational) tax" are "frivolous and without merit").

Plaintiff's argument that the Internal Revenue Code is not controlling law has similarly been rejected by the courts as without merit. Plaintiff argues that "*title 26* has never been enacted as positive law." (Pl.'s Surreply at 1 (emphasis added).) Plaintiff misunderstands that there is a difference between Title 26 of the United States Code and the individual positive law statute entitled "the Internal Revenue Code of 1986":

> The Internal Revenue Code of 1986 is a statute enacted into positive law by congress, while the United States Code, including Title 26, is a statutory compilation by subject of enacted statutes. 1 U.S.C.A. § 204(a); 1 U.S.C.A. § 204 note (the note first lists United States Code Titles enacted as positive law, without including Title 26; however, the note follows up with a special comment on Title 26 stating that the Internal Revenue Code has been separately enacted into positive law by Congress, and indicating that the sections of Title 26 of the United

> States Code "are identical to the sections of the Internal Revenue Code"). Because the Internal Revenue Code and Title 26 of the United States Code are identical, even though they are distinct, for all practical purposes, Title 26 is positive law.

O'Boyle v. United States, No. 07-10006-MC, 2007 WL 2113583, at *1 (S.D. Fla. July 23, 2007) (footnote omitted). Accordingly, courts have explicitly and repeatedly rejected plaintiff's argument. See, e.g., Brown v. United States, 35 Fed. Cl. 258, 268-69 (1996) (listing decisions that have rejected the argument); Ryan v. Bilby, 764 F.2d 1325, 1328 (9th Cir. 1985) (stating that Congress' failure to enact a title of the United States Code into positive law "does not render the underlying enactment invalid or unenforceable"); United States v. Zuger, 602 F.Supp. 889, 891-92 (D. Conn. 1984) (holding that "the failure of Congress to enact a title as such and in such form into positive law . . . in no way impugns the validity, effect, enforceability, or constitutionality of the laws as contained and set forth in the title"). "Like it or not, the Internal Revenue Code is the law." Ryan, 764 F.2d at 1328. The court will therefore reject this argument as frivolous as well.

Plaintiff's argument that the IRS is not an agency of the federal government (Pl.'s Opp'n at 23) is frivolous too. "It is clear . . . that the Internal Revenue Code of 1954, a statute of Congress, gave the Secretary of the Treasury full authority to administer and enforce the Code, and the power to create an agency to administer and enforce the tax laws. Pursuant to that legislative grant of authority, the Secretary created the IRS." United States v. O'Connor, No. 07-CR-86, 2008 WL 1902464, at *4-5 (W.D.N.Y. Apr. 28, 2008) (noting that parties arguing to the contrary "run the risk of sanctions by advancing frivolous arguments"); see also Donaldson v. United States, 400 U.S. 517, 534 (1971) ("The Internal Revenue Service is organized to carry out the broad responsibilities of the Secretary of the Treasury under § 7801(a) of the 1954 Code for

the administration and enforcement of the internal revenue laws."), superseded by statute on other grounds as stated in Schulz v. IRS, 413 F.3d 297, 302 n.3 (2d Cir. 2005). Over the years, courts have repeatedly rejected the argument plaintiff attempts to advance. See e.g., United States v. Fern, 696 F.2d 1269, 1273 (11th Cir. 1983) ("Clearly, the Internal Revenue Service is a 'department or agency' of the United States."); Young v. IRS, 596 F.Supp. 141, 147 (N.D. Ind. 1984) ("The IRS is a validly created governmental agency and not a 'private corporation'"); Salman v. Dept. of the Treasury-IRS, 899 F. Supp. 471, 472 (D. Nev. 1995) ("There is no basis in fact for Salman's contention that the IRS is not a government agency of the United States.").

In sum, there is no set of facts that could be asserted by plaintiff in an amended complaint to establish a cognizable claim against Wachovia for its compliance with the notice of levy. Any amendment of the complaint would indeed be "futile." Accordingly, the court will dismiss the instant case with prejudice.

**IV.     Conclusion**

An administrative levy was issued on plaintiff's property and, pursuant 26 U.S.C. § 6332, Wachovia received a notice of levy. Regardless of whether the notice of levy was valid, Wachovia is immune from liability with respect to its compliance. Because plaintiff's complaint, however liberally construed, alleges only that Wachovia surrendered her deposits pursuant to an IRS notice of levy, the complaint fails to state a claim for which relief could be granted. Furthermore, any amendment would be futile. I will therefore grant Wachovia's motion and will dismiss plaintiff's complaint with prejudice. An appropriate order follows.